FRANK HAFNER and JULIA HAFNER, Appellants, v. CARRIE E. FREEMAN, JACOB HEYMAN and MARY HEYMAN, Respondents, and GUSTAVE MAIKISCH and KAROLINA MAIKISCH, Appellants.— Action to have it adjudged that the owners of a certain parcel of real property have an easement over and upon a parcel of property owned or mortgaged by certain of the defendants. Order, entered on the court's own motion, directing that certain persons concerned with a third parcel known as Parcel C be brought in as parties defendant, reversed on the law, without costs. Appeal from order denying reargument dismissed. Acting on stipulation, judgment unanimously directed in favor of respondents Carrie E. Freeman and Jacob and Mary Heyman, dismissing, with costs, the cross-complaint and the answer of the defendants-appellants Maikisch. None of the parties to this action seeks any relief against the owners of the so-called Parcel C. Therefore, the presence of such parties is not necessary to a determination of the controversy between the owners and mortgagors of so-called Parcels A and B. There is no proof which would sustain a holding that there was an implied grant of an easement over the strip of land between the buildings on Parcels A and B in favor of Parcel A, so far as the title to that portion of the strip vests in the owners of Parcel B. And, likewise, no similar easement arose in favor of the owners of Parcel B in so far as the title to such portion of the strip vested in the owners of Parcel A. The physical facts, open and visible at the time of severance of Parcel A and Parcel B by the common owner, were not of such a character as to indicate that the strip in question was a driveway or a means of access as a driveway. (*Heyman* v. *Biggs*, 223 N. Y.

118, 125.) Findings of fact and conclusions of law in accordance with the foregoing will be made. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur. Settle order on notice.